

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFIC ENTERPRISES I, LLC, FKA Pacific Enterprises, LLC, | No.    15-16042 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01757-JCM-VCF |
| v. | |
| AMCO INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 14, 2017[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[***] District Judge.

Pacific Enterprises, LLC ("Pacific") appeals following the district court's grant of summary judgment in favor of AMCO Insurance Company ("AMCO"). We affirm the district court.

Pacific's argument relating to the "Control of Property Condition" is waived, because it was never raised before the district court.[1] *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (per curiam). Even if Pacific presented the contract to the district court, the argument that a specific provision of the contract precludes summary judgment was not sufficiently raised, because the district court had no duty to make Pacific's argument for it. *See, e.g.*, *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment.").

Even if the "Control of Property Condition" argument were considered, Pacific fails to demonstrate there was a triable issue as to whether Quality Hotel

---

[***] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

[1] There are three narrow exceptions to the waiver rule, none of which apply here. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (per curiam).

Furniture Sales acted under Pacific's direction or control, because Pacific does not present substantive arguments or cite any authority. *See Williams v. Woodford*, 384 F.3d 567, 587 n.5 (9th Cir. 2004) (explaining that the argument in appellant's opening brief must contain "appellant's contentions as well as citations to authorities and the record") (citing Fed. R. App. P. 28(a)(9)(A)); *Retlaw Broad. Co. v. Nat'l Labor Relations Bd.*, 53 F.3d 1002, 1005 n.1 (9th Cir. 1995) (explaining that an issue is waived if the brief does not contain the appellant's contentions and citations to authorities and the record).

**AFFIRMED.**